UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: | BKY No. 09-50779 |
| Dennis E. Hecker, | Chapter 7 Bankruptcy |
| Debtor. | |

_____

| | |
|---|---|
| Randall L. Seaver, Trustee, | ADV Case No. 09-____ |
| Plaintiff, | |
| vs. | **ADVERSARY COMPLAINT** |
| Neiman Marcus, | |
| Defendant. | |

_____

Plaintiff Randall L. Seaver, Chapter 7 Trustee ("**Plaintiff**"), as and for his Complaint against Defendant Neiman Marcus ("**Defendant**"), states and alleges as follows:

1. Plaintiff is the Chapter 7 trustee in the above-referenced bankruptcy case.

2. Defendant, upon information and belief, is a retail store chain with offices located in Dallas, Texas.

3. This adversary proceeding is a core proceeding under 28 U.S.C. §157.

4. This Complaint is brought under Bankruptcy Rule 7001, and this action arises under 11 U.S.C. §§547 and 550, and other applicable federal law and state law. This Court has jurisdiction over this adversary proceeding, and this adversary proceeding is authorized under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 7001 and Local Rule 1070-1.

5. On or about March 19, 2009, Debtor paid the sum of $10,000.00 to Defendant on his account with Defendant (the "**Transfer**").

6. Upon information and belief, Defendant provided "new value" in the amount of $1,519.00 to Defendant during the preference period.

7. Although duly demanded, Defendant has failed or refused to return the Transfer to the Trustee.

**COUNT I - PREFERENCE**

8. Upon information and belief, prior to commencement of this Chapter 7 case, Defendant received the Transfer.

9. At the time of the Transfer, Defendant was a creditor of the Debtor.

10. The Transfer constituted transfers of an interest of the Debtor's property.

11. The Transfer was for or on account of an antecedent debt owed by the Debtor to Defendant.

12. The Debtor was insolvent at the time of the Transfer.

13. The Transfer enabled Defendant to recover more than it would receive as a creditor in this Chapter 7 case.

14. None of the exceptions to the Plaintiff's avoidance powers set forth in 11 U.S.C. §547(c) applies to the Transfer except that Defendant appears to be entitled to a new value defense in the amount of $1,519.00.

15. Pursuant to 11 U.S.C. §547(b), the Transfer is avoidable.

16. Pursuant to 11 U.S.C. §550(a), Plaintiff may recover from Defendant the sum of $8,481.00.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order and Judgment against Defendant as follows:

1. Pursuant to Count I, awarding Plaintiff a money judgment in the amount of $8,481.00 pursuant to 11 U.S.C. §550.

2. Awarding Plaintiff all costs, disbursements and attorneys' fees allowed by law; and,

3. Awarding Plaintiff such other relief as the Court deems just and equitable in the premises.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: December 9, 2009

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Plaintiff Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1234
(612) 332-1030

413458